UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MORGAN,

        Plaintiff,

v.                                             Case No. 3:24-cv-1018-MMH-PDB

RICKY DIXON, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, James T. Morgan, initiated this action by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1)[1] against twenty-three Defendants alleging claims of deliberate indifference to his medical needs based on events occurring between 2022 and 2024 at three different correctional institutions. Morgan filed an Amended Complaint (Doc. 3) just a month after filing his initial Complaint naming the same Defendants[2] based on the same events. The Court directed Morgan to file a second amended complaint (Order; Doc. 8). In its Order, the Court advised Morgan that he may only set forth related claims, that liability under § 1983 may not be premised

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] The only change Morgan made to the Defendants was changing Defendant "MD Cruz" to "Medical Director Dr. Cruz." See Complaint at 2; Amended Complaint at 2.

on a theory of vicarious liability, and discussed other procedural and legal deficiencies in the Amended Complaint. See id. The Court also cautioned Morgan that his failure to comply with the Court's Order in filing his second amended complaint "may result in dismissal of the action." Id. at 7. Morgan filed his Second Amended Complaint (Second Amended Complaint; Doc. 10). He later requested leave to edit dates within his Second Amended Complaint, which the Court granted, directing him to file an amended complaint to make the corrections. See Docs. 13, 15.

Before the Court is Morgan's 56-page Third Amended Complaint (Third Amended Complaint; Doc. 19). Morgan names seventeen individuals as Defendants: (1) APRN Vikram Poonia (nurse at Tomoka Correctional Institution (Tomoka)); (2) APRN Lillian Hesler (nurse at Tomoka); (3) 2021-2022 Medical Director of Tomoka; (4) 2021-2022 Warden of Tomoka; (5) APRN Ira Lee (nurse at Hamilton Correctional Institution (Hamilton)); (6) APRN Crawford (nurse at Hamilton); (7) Katelyn Brummett (physician's assistant at Hamilton); (8) Dale Wetmore (nurse at Hamilton); (9) Dr. Felix Cruz (medical director and provider at Hamilton); (10) Warden Allen, Warden at Hamilton; (11) Dr. Figueroa (Region II Medical Director); (12) Dr. Bassa (medical director at Reception and Medical Center (RMC)); (13) Dr. Anandjwala, Chief Health Officer at RMC; (14) Dr. Irizzary, Primary Care Provider at RMC; (15) A. Cochran, Office of Policy Management; (16) Ricky Dixon, Secretary of Florida

2

Department of Corrections (FDOC); and (17) Chief Executive Officer of Centurion from 2021-2024. Id. at 2–9.

Upon review of the Third Amended Complaint, the Court finds that it largely suffers from the same deficiencies that the Court identified in its prior Order. Notably, Morgan still joins multiple, unrelated claims spanning a period from August 2021 to April 2024, and he includes non-cognizable or non-viable allegations regarding supervisory liability and the denial of grievances.

Under Rule 41(b), Federal Rules of Civil Procedure (Rule(s)), a district court has discretion to dismiss a pro se plaintiff's action for his failure to comply with court rules or a court order. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, when a pro se plaintiff fails to comply with a court's order or rules, the court may sua sponte dismiss a case under Rule

3

41(b). See Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015)[3] (per curiam) (holding the district court did not abuse its discretion dismissing the case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); Duong Thanh Ho v. Costello, 757 F. App'x 912, 914–15 (11th Cir. 2018) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend).

Notably, a district court may properly dismiss an action if a pro se plaintiff does not comply with an order directing him to specify why or how joinder of claims is permissible under Rule 20. Foudy v. Indian River Cnty., Sheriff's Office, 845 F.3d 1117, 1125–26 (11th Cir. 2017) (explaining the plaintiffs filed "substantially similar complaints" after the district court "clearly instructed" them to "explain their grounds for joinder"). And, multiple claims against different defendants "arising out of different events [that] occur[ed] on different dates" may not be joined under Rule 20 if a plaintiff alleges only a conclusory, superficial similarity between the events. See Smith v. Owens, 625 F. App'x 924, 928–29 (11th Cir. 2015) (per curiam).

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

Upon review of Morgan's Third Amended Complaint, the Court concludes it is due to be dismissed for his failure to comply with the Court's Order to amend and federal pleading standards. The Court outlined the deficiencies in Morgan's prior complaint and instructed him how to cure the deficiencies. See Order. Despite the Court's instructions, Morgan failed to file a proper complaint. Indeed, Morgan again improperly joins multiple, unrelated claims that have no logical relationship in the Third Amended Complaint. From what the Court can decipher, Morgan tries to allege claims of deliberate indifference and cruel and unusual punishment based on actions allegedly taken on various dates over the course of several years and different institutions. See generally Third Amended Complaint. Morgan further includes seventeen of the twenty-three defendants he included in his Amended Complaint. See Amended Complaint at 2–11; Third Amended Complaint at 2–9. The events on which he bases these claims have little to no factual overlap. Morgan may not simply join all medical grievances in a single complaint where he presents no logical relationship between the claims. See Skillern v. Ga. Dep't of Corr. Comm'r, 379 F. App'x 859, 860 (11th Cir. 2010) (holding the plaintiff's claims could not be joined under Rule 20 where he alleged all defendants, at different times and under different circumstances, were deliberately indifferent to his serious medical needs). Morgan also raises

5

claims that are not cognizable and not viable for the reasons outlined in the prior Order.

Also, as noted in the Court's prior Order, Morgan fails to clearly articulate how each Defendant's actions support or relate to his alleged constitutional claims, and Defendants would be "hard-pressed to understand 'the grounds upon which each claim [against him] rests.'" See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021). The Court will not expend its scarce judicial resources to search through Morgan's Third Amended Complaint to differentiate the legally-related, cognizable claims from those that are not. Id. at 1328 (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff."). Accordingly, the Court finds Morgan's Third Amended Complaint is due to be dismissed without prejudice under Rule 41(b) subject to his right to initiate a new action to pursue any cognizable claims in separate actions or in a single action if those claims can properly be joined under Rule 20.[4]

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.  This case is **DISMISSED without prejudice**.

---

[4] Morgan's claims arising in 2022-2024 would not be barred by the applicable statute of limitations at this time. However, Morgan is cautioned that any new action must be timely filed.

6

2.  The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of January, 2026.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
C: James T. Morgan, 104738